IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00125-MR

| | |
|---|---|
| NAFIS AKEEM-ALIM ABDULLAH-MALIK, ) ) Petitioner, ) ) vs. ) ) MECKLENBURG COUNTY, ) et al., ) ) Respondents. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus filed by the Petitioner on March 22, 2022 pursuant to 28 U.S.C. § 2241. [Doc. 1]. Also before the Court are numerous miscellaneous motions filed by the Petitioner. [Docs. 3, 4, 5, 6, 7, 9, 11].

## I. PROCEDURAL BACKGROUND

Petitioner Nafis Akeem-Alim Abdullah-Malik ("the Petitioner") is a pretrial detainee at the Mecklenburg County Jail. He brings this action pursuant to 28 U.S.C. § 2241, requesting immediate release from custody. [Doc. 1].

The Petitioner has filed two related proceedings in this Court pursuant to 42 U.S.C. § 1983, both of which were dismissed as frivolous. See Case

No. 3:21-cv-00667 (W.D.N.C.) and Case No. 3:22-cv-00118 (W.D.N.C.). An additional 42 U.S.C. § 1983 action is presently pending. See Case No. 3:22-cv-00114 (W.D.N.C.).

## II. STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings, as it pertains to § 2241 actions, provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein. See Rule 1(a), (b), 28 U.S.C. foll. § 2254.[1] Rule 4 directs district courts to dismiss a habeas petition when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254.

## III. DISCUSSION

### A. Initial Review of § 2241 Petition

Under 28 U.S.C. § 2241, federal district courts are granted authority to consider an application for a writ of habeas corpus filed by a petitioner claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pretrial petitions for writ of habeas corpus are properly brought under § 2241 because that

---

[1] The Rules pertaining to § 2254 proceedings are also applicable to cases brought pursuant to § 2241.

section "applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995) (quoting Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987)).

The Petitioner states that he is challenging "illegal processes without due process of laws" and attempts to raise several grounds in his petition. [Doc. 1 at 2]. In ground one, the Petitioner claims that he has been denied due process and has been detained on excessive bail since August 28, 2020 "under duress" and "contractual agreement." [Id. at 6]. In ground two, the Petitioner complains of his "restraint upon life, limb and liberty" and states that he is being detained on charges that were previously dismissed then reinstated. [Id]. The Petitioner states in ground three that he is in need of surgery due to acts of excessive force suffered while in custody. [Id]. And in ground four, the Petitioner complains that he has been denied access to the law library and writ writers, has been denied access to property without unnecessary harassment, and has been subject to egregious excessive force and interference with his right to access courts. [Id. at 7]. The Petitioner demands immediate release and a hearing. [Id].

The Petitioner fails to set forth any cognizable claim in his § 2241 petition. Although he purports to challenge his current detention, his

allegations are vague and conclusory and he sets forth no sufficient facts to support any valid claim. The Petitioner includes various attachments and lists dates and statutory provisions, none of which articulate any legal or factual basis in support of his petition. [Doc. 1 at 3-65].

Grounds three and four of the petition attempt to raise claims that challenge the conditions of his confinement, which might form a basis for a 42 U.S.C. § 1983 proceeding but do not state a claim under § 2241. See Braddy v. Wilson, 580 Fed. App'x 172, 173 (4th Cir. 2014)(affirming dismissal of habeas petition alleging a condition of confinement claim as improperly brought under Section 2241). The Petitioner was also previously cautioned that § 2241 claims and § 1983 claims could not proceed together. See [Doc. 21] of Case 3:21-cv-00667 (W.D.N.C).

Because the Petitioner fails to set forth any viable § 2241 claim, the petition shall be dismissed.[2]

---

[2] The § 2241 petition may also be subject to dismissal based upon the Younger abstention doctrine and failure to exhaust state remedies. To the extent that the Petitioner's criminal proceeding is ongoing and he has failed to exhaust his state remedies, this Court would be without jurisdiction to address the § 2241 petition. See Younger v. Harris, 401 U.S. 37, 53 (1971)(federal court should not interfere with ongoing state criminal proceedings except in extraordinary circumstances); Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017)(a petitioner is required to exhaust all state remedies before proceeding with a federal habeas petition).

### B. Miscellaneous Motions

Also before the Court are numerous miscellaneous motions filed by the Petitioner: [Docs. 3, 4, 5, 6, 7, 9, and 11]. However, the motions fail to comply with the most basic pleading requirements, are nonsensical and frivolous filings, and none of them state any valid claim of relief. As such, the motions shall be denied.

### IV. CONCLUSION

For the reasons set forth above, the Petitioner is not entitled to relief under his § 2241 Petition for Writ of Habeas Corpus or any of his miscellaneous motions.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)(holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The Petitioner's miscellaneous motions [Docs. 3, 4, 5, 6, 7, 9, 11] are **DENIED**.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed: March 12, 2023

Martin Reidinger
Chief United States District Judge

6

Case 3:22-cv-00125-MR   Document 15   Filed 03/14/23   Page 6 of 6